UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PETER T. CONNER, | § | No. SA:15–CV–416–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| OFFICER ERNESTO JUAREZ; | § | |
| OFFICER CODY DAVIS; | § | |
| SERGEANT DAVID PRUITT; CITY | § | |
| OF SAN ANTONIO; G4S SECURE | § | |
| SOLUTIONS (USA) INC.; and | § | |
| DOMINION HOMEOWNER'S | § | |
| ASSOCIATION, INC., | § | |
| | § | |
| Defendants. | § | |

ORDER: (1) DENYING PLAINTIFF'S MOTION TO REMAND; (2) DENYING
PLAINTIFF'S MOTION TO AMEND COMPLAINT; (3) GRANTING
DEFENDANT G4S SECURE SOLUTIONS (USA) INC.'S MOTION TO
DISMISS

Before the Court are Motions to Remand (Dkt. # 7) and Amend

Complaint (Dkt. # 15) filed by Plaintiff Peter T. Conner ("Plaintiff") and a Motion

to Dismiss (Dkt. # 4) filed by Defendant G4S Secure Solutions (USA) Inc.

("G4S").  On August 13, 2015, the Court heard oral argument on the Motions.

David Clay Snell, Esq., appeared at the hearing on behalf of Plaintiff; Nathan Mark

Ralls, Esq., appeared at the hearing on behalf of Defendants Officer Cody Davis

("Davis") and Sgt. David Pruitt ("Pruitt"); Michael David Siemer, Esq., appeared

on behalf of Defendant the City of San Antonio ("the City"); and Francisco Javier

1

Ortega, Esq., appeared on behalf of G4S.  After reviewing the Motions and the

supporting and opposing memoranda, and considering the parties' arguments at the

hearing, the Court **DENIES** Plaintiff's Motion to Remand (Dkt. # 7), **DENIES**

**WITHOUT PREJUDICE** Plaintiff's Motion to Amend Complaint (Dkt. # 15),

and **GRANTS** G4S's Motion to Dismiss (Dkt. # 4).

<u>BACKGROUND</u>

Plaintiff, a national security consultant, alleges that early on the

morning of June 16, 2013, he noticed lights moving in the backyard of his home in

San Antonio, Texas.  ("Compl.," Dkt. # 1-1 ¶¶ 11–12.)  Plaintiff believed that the

intruders were "errant guests" from a "wild teenage party" occurring two homes

away.  (<u>Id.</u> ¶ 12.)  Plaintiff went down to his garage, turned on the lights, and

opened the garage doors.  (<u>Id.</u>)  Plaintiff alleges that after he yelled at the intruders,

whom Plaintiff claims he later realized were Officers Juarez and Davis, to get off

his property, the intruders began firing shots at him.  (<u>Id.</u>)  Plaintiff then retreated

into his home and closed the garage doors.  (<u>Id.</u>)  Plaintiff states that he soon saw

lights flashing in his front yard and heard voices outside, and that he opened his

front door.  (<u>Id.</u> ¶ 13.)  Plaintiff heard a voice announcing that San Antonio Police

Department ("SAPD") officers were at his residence, and Plaintiff claims that

Juarez and Davis immediately placed him in handcuffs and put him in a squad car.

(Id.)  Plaintiff further claims that he was left in the car for over an hour, still dressed in his bathrobe.  (Id.)

Plaintiff states that a multitude of other SAPD officers eventually arrived, including Pruitt.  (Id. ¶ 14.)  He alleges that throughout the ordeal, Juarez, Davis, and Pruitt never allowed Plaintiff to put on his clothes, and that they ordered him to stand in front of the patrol car's headlights and spread his robe in an attempt to humiliate Plaintiff in front of the bystanders who had gathered to watch the incident unfold.  (Id.)  Plaintiff claims that his wife called his attorney, and that his attorney arrived at the scene while Plaintiff was detained in the patrol car.  Plaintiff states that Juarez, Davis, and Pruitt did not inform him of his attorney's presence, and did not allow him to speak with his attorney.  (Id.)  Plaintiff also alleges that various SAPD officers entered and searched Plaintiff's home without a warrant and without Plaintiff's consent.  (Id. ¶ 15.)  After the incident, Plaintiff alleges that Juarez, Davis, and Pruitt caused Plaintiff to be charged with aggravated assault on a peace officer and ordered that he be transported to a holding cell and ultimately to the Bexar County Adult Detention Center.  (Id. ¶ 16.)

According to Plaintiff, SAPD reported that Plaintiff had crashed a truck through the front gate of his subdivision and had fired upon police officers, which Plaintiff denies.  (Id.)  A grand jury ultimately chose not to indict Plaintiff on the charges.  (Id.)  Plaintiff states that given his work in national security, these

3

allegations have caused him tremendous embarrassment and damage to his reputation.  (Id.)  Specifically, he claims that the charges affected his attempt to obtain various national security contracts, adversely affected his consulting practice, and hindered his ability to perform his job functions.  (Id.)

On May 13, 2015, Plaintiff filed his Original Petition in the 438th Judicial District Court in Bexar County, Texas.  (Dkt. # 1-1.)  Plaintiff alleged violations of 42 U.S.C. § 1983 against Juarez, Davis, and Pruitt, as well as claims for assault against Juarez and Pruitt; malicious prosecution against Juarez, Davis, and Pruitt; unlawful arrest against Juarez, Davis, and Pruitt; and negligence against all Defendants.  (Id.)  On May 29, 2013, the City filed its Notice of Removal, arguing that Plaintiff's § 1983 claim presented a federal question over which this Court has original jurisdiction, and that the Court has supplemental jurisdiction over Plaintiff's state law causes of action.  (Dkt. # 1 at 1–2.)

On June 18, 2015, Plaintiff filed a Motion to Remand, arguing that removal was defective because G4S and Defendant Dominion Homeowner's Association, Inc. ("the Dominion") had not been served with process at the time of removal, and thus did not consent in writing to the removal by the relevant deadline.  (Dkt. # 7 at 3.)  On June 25, 2015, G4S and the City filed separate Responses (Dkts. ## 12, 13), and on July 6, 2015, Plaintiff filed a Reply to both Responses (Dkt. # 20).

On June 25, 2015, Plaintiff filed a Motion to Amend his Complaint, seeking leave to add additional claims against G4S.  (Dkt. # 15.)  On July 2, 2015, G4S filed a Response.  (Dkt. # 18.)  Nearly a month earlier, on June 8, 2015, G4S filed a Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  (Dkt. # 4.)  On June 25, 2015, Plaintiff filed a Response.  (Dkt. # 14.)

## LEGAL STANDARDS

### I.    Motion to Remand

A defendant may remove to federal court any civil action brought in state court over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a); Mumfrey v. CVS Pharmacy, Inc., 719 F.3d 392, 397 (5th Cir. 2013).  Original jurisdiction may be based on either diversity of citizenship or the existence of a federal question.  Halmekangas v. State Farm Fire & Cas. Co., 603 F.3d 290, 295 (5th Cir. 2010).  On a motion to remand, the removing party bears the burden of establishing that one of these bases of jurisdiction exists.  Shearer v. Sw. Serv. Life Ins. Co., 516 F.3d 276, 278 (5th Cir. 2008).

The presence or absence of a federal question necessary to support removal is governed by the well-pleaded complaint rule, under which "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  Caterpillar Inc. v. Williams, 482 U.S. 386,

392–93 (1987).  The well-pleaded complaint rule recognizes that the plaintiff is the "master of the claim," and a plaintiff may—except in cases of complete federal preemption—"avoid federal jurisdiction by exclusive reliance on state law."  Id. To support removal based on federal question jurisdiction, a defendant must show that the plaintiff has (1) alleged a federal claim, Am. Well Works Co. v. Layne & Bowler Co., 241 U.S. 257, 260 (1916); (2) alleged a state cause of action that Congress has transformed into an inherently federal claim by completely preempting the field, Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 65 (1987); or (3) alleged a state-law claim that necessarily raises a disputed and substantial issue of federal law that a federal court may entertain without disturbing federal/state comity principles, Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308 (2005).

To determine whether jurisdiction is present for removal, the court considers the claims in the state court petition as they existed at the time of removal.  Louisiana v. Am. Nat'l Prop. Cas. Co., 746 F.3d 633, 637 (5th Cir. 2014) (citing Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995)).  Because removal jurisdiction implicates federalism concerns, all ambiguities must be construed in favor of remand.  Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (citing Manguno v. Prudential Prop. & Cas. Co., 276 F.3d 720, 723 (5th Cir. 2002)).

II.     <u>Motion to Amend Complaint</u>

        A party may amend its pleading once as a matter of course within 21

days after serving it, or if the pleading is one to which a responsive pleading is

required, 21 days after service of a responsive pleading or 21 days after service of

a motion under Federal Rule of Civil Procedure 12(b), (e), or (f), whichever is

earlier.  Fed. R. Civ. P. 15(a)(1).  "In all other cases, a party may amend its

pleading only with the opposing party's written consent or the court's leave.  The

court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

        Because Rule 15(a) evinces a bias in favor of granting leave to amend,

<u>Price v. Pinnacle Brands, Inc.</u>, 138 F.3d 602, 608 (5th Cir. 1998), a district court

"must possess a substantial reason to deny a request for leave to amend."  <u>Smith v.</u>

<u>EMC Corp.</u>, 393 F.3d 590, 595 (5th Cir. 2004) (internal quotation marks omitted).

Following the Supreme Court's guidance, the Fifth Circuit uses five factors in

determining whether to grant a party leave to amend a complaint: (1) undue delay,

(2) bad faith or dilatory motive, (3) repeated failure to cure deficiencies by

previous amendments, (4) undue prejudice to the opposing party, and (5) futility of

the amendment.  <u>Rosenzweig v. Azurix Corp.</u>, 332 F.3d 854, 864 (5th Cir. 2003)

(citing <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)).

        An amendment is futile if it could not survive a motion to dismiss.

<u>Rio Grande Royalty Co., Inc. v. Energy Transfer Partners, L.P.</u>, 620 F.3d 465, 468

(5th Cir. 2010).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

III.    Motion to Dismiss Pursuant to Rule 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Review is limited to the contents of the complaint and matters properly subject to judicial notice.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).  In analyzing a motion to dismiss for failure to state a claim, "[t]he court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"  In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007) (quoting Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678.  Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels

and conclusions, and a formulaic recitation of the elements of a cause of action will

not do." <u>Twombly</u>, 550 U.S. at 555.  The statements in the complaint must be

sufficiently detailed to "give the defendant fair notice of what the . . . claim is and

the grounds upon which it rests." <u>Id.</u>

DISCUSSION

I.      <u>Motion to Remand</u>

Plaintiff argues that that because G4S and the Dominion, who had

been served with process at the time of removal, did not consent in writing to the

removal within 30 days, a procedural defect renders removal improper and this

case must be remanded to the state court.  (Dkt. # 7 at 3.)  G4S responds that there

is no procedural defect because (1) it was not required to provide written consent

to removal because it is a nominal party, and (2) even if it was not a nominal party,

it consented to removal when it filed its Motion to Dismiss within 30 days of

removal.  (Dkt. # 13 at 2.)  The City responds that it was not required to obtain

written consent from G4S or the Dominion because (1) no federal claims were

asserted against either G4S or the Dominion, (2) the City did not have actual or

constructive knowledge that G4S and/or the Dominion had been properly served

when it filed its Notice of Removal, and (3) both G4S and the Dominion are

nominal parties.  (Dkt. # 12 at 4.)

A federal court must remand a case back to state court if there was a procedural defect rendering removal improper and the moving party raises the defect within thirty days of removal.  28 U.S.C. § 1447; see also BEPCO, L.P. v. Santa Fe Minerals, Inc., 675 F.3d 466, 470 (5th Cir. 2012).  The so-called "rule of unanimity" requires that in an action removed under 28 U.S.C. § 1441(a) based on federal question jurisdiction, "all defendants who have been properly joined and served must join in or consent to the removal of the action."  28 U.S.C. § 1446(b)(2)(A).  Under Fifth Circuit law, all defendants must join the notice of removal within 30 days after the first defendant was served with process.  Getty Oil Corp. v. Ins. Co. of N. Am., 841 F.2d 1254, 1263 (5th Cir. 1988).  The Fifth Circuit has strictly construed this requirement and mandates the written consent of each individual defendant, either by itself or by another person "purporting to act formally on its behalf . . . and to have authority to do so."  Id. at 1262 n.11. Although the requirement does not obligate each defendant to sign the notice, it does require some "timely filed written indication" of consent by each defendant, so as to avoid "'bind[ing]' the allegedly consenting defendant" without its approval.  Id.

Here, G4S and the Dominion had both been served with process before the City filed its Notice of Removal on May 19, 2015, but the City's notice did not include consent from either of these defendants.  (Dkt. # 1.)  Plaintiff

acknowledges that the City and G4S claim that the consent of these defendants was

unnecessary, but argues that a notice of removal must nevertheless "affirmatively

explain why consent of those defendants was unnecessary." (Dkt. # 20 at 2 (citing

Breitling v. LNV Corp., —F. Supp. 3d—, No. 3:14-CV-3322-M, 2015 WL

367094, at *5 (N.D. Tex. Jan. 27, 2015)).) However, as the Breitling court noted,

there are exceptions to this general rule, which G4S and the City have invoked in

this case. The Court thus addresses each of the Defendants' arguments below.

> A.      Federal Claims Against G4S and the Dominion

First, the City argues that it was not required to obtain consent from

G4S or the Dominion because Plaintiff does not assert any federal claims against

those defendants. (Dkt. # 12 at 5.) In support of its argument, the City cites 28

U.S.C. § 1441(c), which reads:

(c) Joinder of Federal law claims and State law claims.

(1) If a civil action includes—

> (A) a claim arising under the Constitution, laws, or treaties of
> the United States (within the meaning of section 1331 of
> this title), and

> (B) a claim not within the original or supplemental jurisdiction
> of the district court or a claim that has been made
> nonremovable by statute, the entire action may be removed
> if the action would be removable without the inclusion of
> the claim described in subparagraph (B).

(2) Upon removal of an action described in paragraph (1), the district
court shall sever from the action all claims described in

paragraph (1)(B) and shall remand the severed claims to the State court from which the action was removed.  <u>Only defendants against whom a claim described in paragraph (1)(A) has been asserted are required to join in or consent to the removal under paragraph (1).</u>

28 U.S.C. § 1441(c) (emphasis added).  In other words, the City argues that Plaintiff has not asserted claims described in § 1441(c)(1)(A) against G4S and the Dominion, and that those defendants consequently were not required to join in the removal.

However, as Plaintiff points out, his negligence claim against G4S and the Dominion does fall under § 1441(c)(1)(A).[1]  That section describes actions in which one or more federal claims is joined with claims <u>not</u> falling under the district court's supplemental jurisdiction.  <u>See</u> <u>Vinson v. Schneider Nat'l Carriers, Inc.</u>, 942 F. Supp. 2d 630, 636 (N.D. Tex. 2013) (noting that § 1441(c) "only applies to a civil action that includes a federal question claim that is joined with a claim made nonremovable or one not falling within the court's original or supplemental jurisdiction").  Plaintiff's state law negligence claim against G4S and the Dominion falls within this Court's supplemental jurisdiction: it forms part of the same "case or controversy" as Plaintiff's federal § 1983 claim, over which the Court has original jurisdiction, because all of the claims arise from the same

---

[1] Plaintiff moves to amend his Complaint to add additional state law claims against G4S and the Dominion.  However, when analyzing a Motion to Remand, the Court examines the pleadings as they exist at the time the Notice of Remand is filed. <u>Am. Nat'l Prop. Cas. Co.</u>, 746 F.3d at 637.

incident occurring involving the SAPD's visit to Plaintiff's home on June 16, 2013.  See 28 U.S.C. § 1367(a); Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 349 (1988) (holding that a federal court has supplemental jurisdiction over state law claims where the state law claims "derive from a common nucleus of operative fact" as the federal law claims).  Therefore, contrary to the City's assertions, § 1441(c) does not operate to exclude G4S and the Dominion from the general joinder requirement.

B.      Consent to Removal

Second, G4S argues that it timely consented to removal by filing its Motion to Dismiss (Dkt. # 4) on June 8, 2015, 20 days after the City filed its Notice of Removal on May 19, 2015.  (Dkt. # 13 at 6–7.)  G4S contends that although the Fifth Circuit has not spoken on the issue, other courts, including district courts in this circuit, have held that filing an answer or a motion to dismiss may substitute for consent to removal.  (Id. at 7.)  G4S also argues that any procedural default arising from its failure to consent to removal was cured when G4S opposed Plaintiff's Motion to Remand.  (Id. at 8.)

The Court finds, however, that district courts in this circuit "have regularly rejected the argument that consent [to removal] is evidenced by filing an answer."  Coffman v. Dole Fresh Fruit Co., 927 F. Supp. 2d 427, 433 (E.D. Tex. 2013) (collecting cases).  Likewise, courts have rejected the argument that filing a

motion to dismiss constitutes consent to removal.  See, e.g., Spoon v. Fannin Cnty. Cmty. Supervision & Corr. Dept., 794 F. Supp. 2d 703, 709 (E.D. Tex. 2011) (finding filing a motion to dismiss insufficient evidence of a defendant's consent to removal); Spillers v. Tillman, 959 F. Supp. 364, 372 (S.D. Miss. 1997) (finding no consent to joinder where defendant failed to join removal notice but filed a motion to dismiss).

   Finally, as G4S points out, other circuits hold that nonremoving defendants may effectively consent to remand and cure any procedural defects caused by their failure to join a notice of removal by opposing a plaintiff's motion to remand.  See, e.g., Esposito v. Home Depot U.S.A., Inc., 590 F.3d 72, 77 (1st Cir. 2009) ("[E]ven assuming that [defendant's] answer failed to satisfy the unanimity requirement, resulting in a technical defect in the removal process, the defect was subsequently cured when [defendant] opposed [plaintiff's] remand motion, thereby clearly communicating its desire to be in federal court."); Harper v. Auto Alliance Int'l, Inc., 392 F.3d 195, 202 (6th Cir. 2004) ("In addition, the fact that [defendant] opposed [plaintiff's] motion to remand cured any purported defect in the removal petition.").

   However, the Court notes that even if opposing a plaintiff's motion to remand could cure a defendant's failure to join a notice of removal, G4S's consent in this case would have been untimely.  G4S filed its Response to Plaintiff's

Motion to Remand on June 25, 2015, more than 30 days after it was served with process. Given the Fifth Circuit's strict construction of the 30-day notice of joinder requirement, the Court finds it unlikely that G4S's opposition to Plaintiff's remand motion constitutes timely consent to removal. See Ingram v. Global Hawk Ins. Co., No. 2:14-CV-0777, 2014 WL 2739459, at *3 n.3 (E.D. La. June 17, 2014) (finding that opposition to plaintiff's motion to remand filed more than 30 days after defendants received the "other paper" making the case removable did not constitute timely consent to removal).

  C. Notice of Service

    Third, the City argues that it was not required to obtain consent from G4S or the Dominion because it had no way of knowing that any other defendant had been properly joined or served at the time it filed its Notice of Removal. (Dkt. # 12 at 6.) District courts in this circuit generally hold that "joinder in or consent to the removal petition must be accomplished by only those defendants: (1) who have been served; and, (2) whom the removing defendant(s) actually knew or should have known had been served." Milstead Supply Co. v. Cas. Ins. Co., 797 F. Supp. 569, 573 (W.D. Tex. 1992); see also Watson v. Watson, No. 4:13-cv-137, 2013 WL 5230651, at *2 (E.D. Tex. Sept. 17, 2013); Waffer v. City of Garland, No. 3:01-CV-1355-G, 2001 WL 1148174, at *2 (N.D. Tex. Sept. 19, 2001); Faulk v. Owens-Corning Fiberglass Corp., 48 F. Supp. 2d 653, 667–69 (E.D. Tex. 1999).

Those courts reason that "[t]o mandate that all defendants who have been actually served must join in any removal filed after the actual time of service upon such defendants would be inconsistent with the spirit and purpose of the federal rules, as well as contrary to logic and common sense, and could create motivation for improper conduct in serving defendants." Milstead, 797 F. Supp. at 573.

In this case, the City explains that the Texas Rules of Civil Procedure do not require that defendants be notified of service of process on other defendants, Tex. R. Civ. P. 105, 107, and that it was "more than reasonably diligent in attempting to learn other defendants had been served at the time of removal." (Dkt. # 12 at 7.)  The City states that in its attempts to verify whether any other defendants had been served, it: (1) checked the Bexar County District Clerk's unofficial online docket sheet, which did not indicate that any other defendants had been served; (2) called the Bexar County District Clerk's office on the telephone and inquired as to whether any other defendants had been served, to which the Clerk's office representative responded that there was no record of such; and (3) obtained a certified copy of the Bexar County District Clerk's file in the state court action.  (Dkt. # 12 at 7.)

The City argues that under Milstead Supply Co. v. Casualty Insurance Co., it has demonstrated "exceptional circumstances" excusing it from obtaining consent from G4S and the Dominion prior to filing its Notice of Removal.  (Id.)  In

16

Waffer v. City of Garland, the district court held that under Milstead, a defendant's consent to removal was not necessary where the case file at the state courthouse did not disclose that it had been served.  Waffer, 2001 WL 1148174, at *2.  The same circumstances are present in the instant case: both the City's attorney and the attorney's legal assistant submitted affidavits stating that at the time of removal, the Bexar County District Clerk's office records did not reveal that any other defendants had been served.  ("Siemer Aff.," Dkt. # 12, Ex. A; "Wagner Aff.," id., Ex. B.)  The Court finds the reasoning in Waffer and Milstead persuasive, and holds that under these circumstances, the City was not required to obtain consent from G4S or the Dominion prior to filing its Notice of Removal.  See Waffer, 2001 WL 1148174, at *2; Milstead, 797 F. Supp. at 571–74.

D.    "Nominal" Parties

Finally, the City and G4S argue that the City was not required to obtain consent from G4S and the Dominion prior to filing its Notice of Removal because G4S and the Dominion are "nominal" parties against whom Plaintiff cannot establish any state law cause of action.  (Dkt. # 12 at 7, Dkt. # 13 at 3.)  Plaintiff responds that G4S and the City have not met their burden of showing that there is no possibility he can recover against these defendants.  (Dkt. # 20 at 3.)

As explained above, Fifth Circuit law requires each defendant who has been properly joined and served to join the in the removal petition.  Getty Oil

Corp., 841 F.2d at 1263.  An exception exists, however, for so-called "nominal" or "formal" parties, who need not consent to removal.  Farias v. Bexar Cnty. Bd. of Trs. for Mental Health Mental Retardation Servs., 925 F.2d 866, 871 (5th Cir. 1991); Wells v. Allen, No. SA-12-CV-987-DAE, 2013 WL 2404171, at *3 (W.D. Tex. May 31, 2013).  A defendant is "nominal" if, in its absence, "the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to the plaintiff."  Acosta v. Master Maint. & Constr. Inc., 452 F.3d 373, 379 (5th Cir. 2006) (quoting Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressmen & Assistants' Local 349, 427 F.2d 325, 327 (5th Cir. 1970)).  "To establish that non-removing parties are nominal parties, 'the removing party must show . . . that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court.'" Farias, 925 F.2d at 871 (quoting B., Inc. v. Miller Brewing Co., 663 F.2d 545, 549 (5th Cir. Unit A Dec. 1981)).

Here, Plaintiff's Original Complaint asserts a common law negligence claim against G4S and the Dominion.  (Compl. ¶¶ 34–36.)  Both G4S and the City contend that even assuming that the allegations in Plaintiff's Complaint are true, they do not give rise to a claim of negligence or gross negligence under Texas law. (Dkt. # 12 at 8; Dkt. # 13 at 4–6.)  In his Response to G4S's Motion to Dismiss the Complaint, Plaintiff concedes that Texas law does not provide a cause of action for

negligent reporting of activity to law enforcement, effectively dropping his negligence claims against G4S and the Dominion.  (Dkt. # 14 at 1.)  Instead, Plaintiff seeks leave to amend his Complaint to drop the negligence claims and add additional state law claims for malicious prosecution and unlawful/false arrest against G4S.  (Dkt. # 15-1 ¶¶ 25–31.)  Plaintiff seeks to maintain his negligence claim against the Dominion.  (Id. ¶¶ 32–33.)

For reasons explained in further detail below, infra, Section II.A, the Court finds that Plaintiff could potentially state a claim for malicious prosecution against G4S, although his proposed Amended Complaint, in its current iteration, fails to do so.  The Court thus declines to hold that G4S is a nominal party in this case.  However, because the City was unaware that G4S and the Dominion had been served with process at the time of removal, it was not required to obtain consent from these defendants, and the Court **DENIES** Plaintiff's Motion to Remand.  (Dkt. # 7.)

II.    Motion to Amend Complaint

Plaintiff seeks to amend his Complaint to add claims for malicious prosecution and unlawful/false arrest against G4S.  (Dkt. # 15; Dkt. # 15-1 ¶¶ 25–31.)  G4S opposes the Motion, arguing that granting Plaintiff leave to amend his Complaint would be futile because he cannot establish either of these causes of action against G4S as a matter of law.  (Dkt. # 18 at 2.

19

A.     <u>Malicious Prosecution</u>

Plaintiff first seeks leave to amend his Complaint to include a claim for malicious prosecution against G4S.  (Dkt. # 15-1 ¶¶ 25–28.)  Under Texas law, a plaintiff pursuing a claim for malicious criminal prosecution must prove by a preponderance of the evidence that: "(1) a criminal prosecution was commenced against [him]; (2) [the defendant] initiated or procured that prosecution; (3) the prosecution terminated in [his] favor; (4) [he] was innocent of the charges; (5) [the defendant] lacked probable cause to initiate the prosecution; (6) [the defendant] acted with malice; and (7) [he] suffered damages."  <u>Kroger Tex. Ltd. P'ship v. Suberu</u>, 216 S.W.3d 788, 793 n.3 (Tex. 2006) (citing <u>Richey v. Brookshire Grocery Co.</u>, 952 S.W.2d 515, 517 (Tex. 1997)).

In this context, "initiated" means that a defendant made a formal charge to law enforcement authorities.  <u>Browning-Ferris Indus., Inc. v. Lieck</u>, 881 S.W.2d 288, 292 (Tex. 1994).  "Procured" means that a defendant's actions caused the prosecution, and that the prosecution would not have occurred but for his actions.  <u>Id.</u>  Thus, the Texas Supreme Court has held that "a person cannot procure a criminal prosecution when the decision whether to prosecute is left to the discretion of another person, a law enforcement official or the grand jury."  <u>Id.</u> However, an exception exists where a person provides information which he knows is false to cause a criminal prosecution.  <u>Id.</u>  In such a case, "proof that a

complainant has knowingly furnished false information is <u>necessary</u> for liability

when the decision to prosecute is within another's discretion." <u>King v. Graham</u>,

126 S.W.3d 75, 76 (Tex. 2003) (emphasis in the original).  Additionally, "there

must be proof that the prosecutor acted based on the false information and that but

for such false information the decision would not have been made."  <u>Id.</u>

      Here, the decision to prosecute was clearly within the discretion of

another—either the state prosecutors who brought the charges, or the grand jury,

which ultimately chose not to return an indictment against Plaintiff.  Therefore,

Plaintiff must allege (1) that a G4S employee provided information to SAPD that

the employee knew was false, and (2) that whomever made the decision to

prosecute acted on that false information, and would not have acted but for the

false information.  <u>King</u>, 126 S.W.3d at 76.

      Plaintiff's proposed Amended Complaint states that "[u]pon

information and belief, one or more employees of Defendant G4S, including a

'sergeant' acting in a managerial capacity, reported to SAPD that Plaintiff had

crashed through the gate at the Dominion, when this was absolutely false."  (Dkt.

# 15-1 ¶ 26.)  Although Plaintiff does not explicitly allege that the G4S employee

knew that the reported information was false, such an allegation is clearly implied

from the context of Plaintiff's Complaint.  However, Plaintiff also fails to allege

that the prosecutor or the grand jury acted on the false information provided by the

21

G4S employee, or that either would not have acted but for the false information.

Plaintiff merely states that G4S "initiated or procured, caused to be initiated or

procured, or participated in the initiation or procurement of criminal proceedings

against Plaintiff." (Dkt. # 15-1 ¶ 26.) This simple recital of the elements of a

malicious prosecution claim does not pass muster under the pleading standard set

forth in Twombly and Iqbal, as it is precisely the type of "formulaic recitation of

the element of a cause of action" prohibited by Twombly. 550 U.S. at 555. In the

absence of further factual allegations, Plaintiff cannot state a claim for malicious

prosecution against G4S, and allowing him to file his proposed Amended

Complaint would be futile.

      B.     Unlawful/False Arrest

          Plaintiff also seeks to add a claim for unlawful or false arrest against

G4S. (Dkt. # 15-1 ¶¶ 29–31.) To establish a cause of action for false arrest under

Texas law, a plaintiff must show "(1) willful detention; (2) without consent; and

(3) without authority of law." Wal-Mart Stores, Inc. v. Rodriguez, 92 S.W.3d 502,

507 (Tex. 2002).[2] The first element, willful detention, may be satisfied "by

conduct that is intended to cause one to be detained, and in fact causes the

detention, even when the actor does not participate in the detention." Id. To prove

---

[2] Wal-Mart dealt with the tort of false imprisonment; however, in Texas, "[t]he
elements of false arrest and false imprisonment are similar enough to be
indistinguishable." Villegas v. Griffin Indus., 975 S.W.2d 745, 754 (Tex. App.
1998).

this element, which Texas courts refer to as "instigation," "a plaintiff must show that the defendant clearly directed or requested the arrest." Id. "To hold a third party liable for instigating the detention . . . the act of arrest must be made by the officer, not of his or her own volition, but to carry out the request of the defendant." Id. (internal quotation and editorial marks omitted).

Plaintiff's proposed Amended Complaint alleges that G4S "directed, requested, or participated in the arrest or attention of Plaintiff," presumably by reporting the alleged gate-crashing to SAPD. (Dkt. # 15-1 ¶ 30.) It does not allege that Plaintiff's arrest was carried out at G4S's request. "A private citizen who merely reports a crime and identifies the suspect to law enforcement authorities has not requested or directed the suspect's arrest, and will not be liable for instigating a subsequent [false arrest]." Wal-Mart, 92 S.W.3d at 507. Based on the allegations in the proposed Amended Complaint, Plaintiff has not established the instigation element of false arrest, and allowing him to amend his Complaint to include this claim would be futile.

However, the Court notes that Plaintiff could plausibly state a claim for malicious prosecution, if he is able to make the necessary factual allegations. Therefore, the Court **DENIES WITHOUT PREJUDICE** Plaintiff's Motion for Leave to Amend. (Dkt. # 15.)

III.    <u>Motion to Dismiss Pursuant to Rule 12(b)(6)</u>

G4S moves to dismiss the claims in Plaintiff's original Complaint against it for failure to state a claim upon which relief may be granted.  (Dkt. # 4.) Plaintiff's Complaint asserts a negligence cause of action against G4S.  (Compl. ¶¶ 34–36.)  G4S argues that Plaintiff's negligence claim is actually one for defamation, and that Texas courts do not recognize negligence claims based on false reports to law enforcement.  (<u>Id.</u> at 4–5.)  Plaintiff concedes that Texas law does not provide a cause of action for negligent reporting of activity to law enforcement, and seeks leave to amend his Complaint to remove the negligence claim against G4S.  (Dkt. # 4 at 1.)  In light of Plaintiff's concession, the Court **GRANTS** G4S's Motion to Dismiss.  (Dkt. # 4.)

CONCLUSION

For the reasons stated above, the Court hereby **DENIES** Plaintiff's Motion to Remand (Dkt. # 7), **DENIES WITHOUT PREJUDICE** Plaintiff's Motion to Amend Complaint (Dkt. # 15), and **GRANTS** G4S's Motion to Dismiss (Dkt. # 4).  Plaintiff shall have leave to file a final Motion to Amend Complaint within 45 days of the date of this Order in an effort to cure the deficiencies addressed herein.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, August 13, 2015.

_____

David Alan Ezra
Senior United States Distict Judge