UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PETER T. CONNER, | § | No. SA:15–CV–416–DAE |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | |
| | § | |
| OFFICER ERNESTO JUAREZ; | § | |
| OFFICER CODY DAVIS; | § | |
| SERGEANT DAVID PRUITT; CITY | § | |
| OF SAN ANTONIO; G4S SECURE | § | |
| SOLUTIONS (USA) INC.; and | § | |
| DOMINION HOMEOWNER'S | § | |
| ASSOCIATION, INC., | § | |
| | § | |
| Defendants. | § | |

ORDER GRANTING DEFENDANT G4S SECURE SOLUTIONS (USA) INC.'S
MOTION TO DISMISS PLAINTIFF'S THIRD AMENDED COMPLAINT

Before the Court is Defendant G4S Secure Solutions (USA) Inc.'s ("G4S" or "Defendant") Motion to Dismiss the Third Amended Complaint filed by Plaintiff Peter Conner. (Dkt. # 38.) Pursuant to Local Rule 7(h), the Court finds this matter suitable for disposition without a hearing. W.D. Tex. Civ. R. 7(h). For the reasons that follow, the Court **GRANTS** Defendant's Motion to Dismiss. (Dkt. # 38.)

BACKGROUND

Plaintiff is a San Antonio resident and national security consultant. ("Third Am. Compl.," Dkt. # 37 ¶ 9.) He alleges that early in the morning of

1

June 16, 2013, he noticed lights moving in the backyard of his home in San Antonio, Texas. (Id. ¶¶ 9–10.) Plaintiff had called G4S earlier in the evening about a "wild teenage party" two homes away, and believed that the individuals in his yard were from the party. (Id. ¶ 10.) Plaintiff put on his bathrobe, turned on an outside floodlight and the lights inside his garage, opened three garage doors, and yelled at the intruders to get off his property. (Id.) Plaintiff claimed the intruders, who were actually Defendant Officers Ernesto Juarez and Cody Davis from the San Antonio Police Department ("SAPD") fired shots, hitting a vehicle parked outside his garage. (Id.) According to Plaintiff, he ducked for cover, went inside, and closed the garage doors. (Id.) The SAPD officers moved to the front yard and announced their presence, and Officers Juarez and Davis handcuffed him and placed him in a squad car. (Id. ¶ 11.)

Mr. Conner's wife called his attorney; before Plaintiff was able to speak to his lawyer, he was transported to a holding cell, then the Bexar County Adult Detention Center, and charged with aggravated assault on a police officer. (Third Am. Compl. ¶¶ 13, 14, 29.) The grand jury who later heard the charges chose not to indict Mr. Conner. (Id. ¶ 16.) Nonetheless, Mr. Conner claims that the charges damaged his reputation. (Id. ¶ 15.)

Plaintiff states that the SAPD arrived at his home only after a G4S representative reported that Plaintiff had crashed a white truck into the gate at the

Dominion,[1] even though the G4S representative had no evidence that Plaintiff was the driver.  (Third Am. Compl. ¶ 27–28.)  Plaintiff claims that he was not driving a white truck at the time of the incident and that the vehicle that crashed into the gate had dark windows, making it impossible to identify the truck's driver.  (Id. ¶ 28.)  Plaintiff  alleges that "gate crashing" frequently occurs at the Dominion, but is rarely reported to the SAPD, and G4S reported this incident as retaliation for a prior incident, where Plaintiff "forcefully told one of the G4S employees, Officer Cruz, to get off his property. . . . "  (Id. ¶¶ 28, 30.)  Based upon these alleged facts, Plaintiff seeks to bring a cause of action against G4S for malicious prosecution.

Plaintiff filed his original complaint in the 438th Judicial District Court of Bexar County, Texas, on May 13, 2015, and raised a claim of negligence against Defendant G4S.  (Dkt. # 1, Ex. 1-1, ¶¶ 34–36.)  The suit was removed to this Court on May 19, 2015.  (Dkt. # 1.)  G4S moved this Court to dismiss the negligence claim for failure to state a claim, and this motion was granted on August 13, 2015.  (Dkt. # 28 at 24.)  On October 19, 2015, Plaintiff filed his Third Amended Complaint, which raised the instant malicious prosecution claim against

---

[1] While Plaintiff's complaint never identifies the Dominion, the Court takes judicial notice of the fact that the Dominion is a gated neighborhood and country club located in San Antonio, Texas.  See Funk v. Stryker Corp., 631 F.3d 777, 783 (5th Cir. 2011) (finding that a district court may take judicial notice of facts "not subject to reasonable dispute . . . generally known within the territorial jurisdiction of the trial court" at the motion to dismiss stage, without converting the motion into one for summary judgment (quoting Fed. R. Evid. 201(b))).

G4S.  (Third Am. Compl. ¶¶ 25–33.)  On October 23, 2015, G4S filed the instant

Motion to Dismiss.  (Dkt. # 38.)  Plaintiff filed his Response in Opposition on

November 6, 2015 (Dkt. # 39), and Defendant filed his reply on November 13,

2015.  (Dkt. # 41.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a

complaint for "failure to state a claim upon which relief can be granted."  Review

is limited to the contents of the complaint and matters properly subject to judicial

notice.  See Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322

(2007).  In analyzing a motion to dismiss for failure to state a claim, "[t]he court

accept[s] 'all well-pleaded facts as true, viewing them in the light most favorable

to the plaintiff.'"  In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir.

2007) (quoting Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d

464, 467 (5th Cir. 2004)).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead

"enough facts to state a claim to relief that is plausible on its face."  Bell Atl.

Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial plausibility

when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged."

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

4

DISCUSSION

While a cause of action exists to remedy situations where an individual is "subjected unjustifiably to criminal proceedings," this "cause of action must sometimes yield to society's greater interest in encouraging citizens to report crimes, real or perceived." Kroger Tex. Ltd. P'ship v. Suberu, 216 S.W.3d 788, 792 (Tex. 2006). Accordingly, malicious prosecution actions must "balance . . . society's interest in the efficient enforcement of the criminal law" with an "individual's interest in freedom from unjustifiable and oppressive criminal prosecution." Richey v. Brookshire Grocery Co., 952 S.W.2d 515, 517 (Tex. 1997).

Mr. Conner's malicious prosecution claim against Defendant G4S can only be brought only under Texas law. See Castellano v. Fragozo, 352 F.3d 939, 945 (5th Cir. 2003) (clarifying the elements necessary to state a constitutional claim for malicious prosecution, and explaining that because such claims are brought pursuant to 42 U.S.C. § 1983, they may be brought against the government only). In Texas, a Plaintiff seeking to recover damages against a private entity for a malicious prosecution claim must prove each of the following elements:

> (1) [A] criminal action was commenced against him; (2) the
> prosecution was caused by the defendant or with his aid; (3) the action
> terminated in the plaintiff's favor; (4) the plaintiff was innocent;
> (5) the defendant acted without probable cause; (6) the defendant
> acted with malice; and (7) the criminal proceeding damaged the
> plaintiff.

Brown v. U.S., 653 F.2d 196, 198 (5th Cir. Unit A Aug. 1981); see also Kroger, 216 S.W.3d at 792 n. 3; Richey v. Brookshire Grocery Co., 952 S.W.2d 515, 517 (Tex. 1997).  "Failure to prove any one of these elements is fatal to the Plaintiff's case."  Terk v. Deaton, 555 S.W.2d 154, 155 (Tex. App. 1977); Browning-Ferris Ind., Inc. v. Lieck, 881 S.W.2d 288, 291 (Tex. 1994) ("Even a small departure from the exact prerequisites for liability may threaten the delicate balance between protecting against wrongful prosecution and encouraging reporting of criminal conduct.")  Here, there is no question that a criminal action for alleged assault on a police officer was commenced against Mr. Conner, nor is there a question that the criminal action terminated in Mr. Conner's favor; those two elements are satisfied. The remaining elements are discussed below.

A.  Whether the prosecution was caused by or with the aid of Defendant

"Causation is an indispensable element of [a] malicious prosecution case" against a private party.  In re Bexar Co. Crim. Dist. Attorney's Office, 224 S.W.3d 182, 185 (Tex. 2007).  Where a plaintiff seeks to sue a private party rather than a government official for malicious prosecution, the Court must find that the information provided by the private defendant "was the determining factor in the official's decision to commence the prosecution, or that the information furnished by him *upon which the official acted* was known to be false."  King v. Graham,

6

126 S.W.3d 75, 78 (Tex. 2003) (quoting Lieck, 881 S.W. at 293).[2]  In other words, the false information furnished by the defendant must be a "but for" cause of the prosecutor's decision to prosecute the case.  King, 126 S.W.3d at 76.  Further, the plaintiff bears the burden of proving that the prosecutor would not have made the decision to prosecute "but for the false information supplied by the defendant."  Id. at 78.

As the Court explained in its August 13, 2015 order, "proof that a complainant has knowingly furnished false information is *necessary* for liability when the decision to prosecute is within another's discretion[, b]ut such proof is not *sufficient*" to find a defendant liable for malicious prosecution.  King, 126 S.W.3d at 76.  A plaintiff must also prove that the prosecutor "acted based on the false information," and would not have decided to prosecute in the absence of such information.  Id.

Here, viewing the facts in the light most favorable to the Plaintiff, Mr. Conner fails to state a malicious prosecution claim against G4S upon which relief can be granted.  Even assuming that G4S reported the "gate-crashing" incident to

---

[2] Plaintiff's response to Defendant G4S' motion cites Lieck to support the proposition that, "[j]ust as there may be more than one proximate cause of an event, a single prosecution may be procured by more than one person."  881 S.W.2d at 292.  (Dkt. # 39 at 2.)  This takes Lieck, which analyzes the causation element in depth, out of context.  Lieck requires that liability in a malicious prosecution case can only be found where the prosecution would not have occurred "but for" the defendant's acts.  Id. at 293 (quoting Restatement (Second) of Torts § 653).

the SAPD knowing it to be false, Mr. Conner was not arrested for allegedly

crashing into the gate at the Dominion, and charges for "gate-crashing" were never

evaluated by a grand jury.  Rather, Mr. Conner was arrested and charged for

alleged aggravated assault on a police officer.  (Third Am. Compl. ¶¶ 14, 29.)

While the possibility that G4S provided false information to the SAPD is

*necessary* for liability in a malicious prosecution suit, such a possibility is not

sufficient to meet the causation requirement.  See King, 126 S.W.3d at 76.  As Mr.

Conner's complaint fails to allege that G4S's report to the police was a "but-for"

cause of the prosecutor's decision to charge him with aggravated assault on a

police officer, Mr. Conner does not allege sufficient facts to satisfy this element of

the malicious prosecution test.  Where a plaintiff fails to state sufficient facts to

support each element of a malicious prosecution claim, the claim must fail.  See

Lieck, 881 S.W. 2d at 291.

## CONCLUSION

          For the foregoing reasons, Mr. Conner's Third Amended Complaint

fails to state a malicious prosecution claim against G4S upon which relief can be

granted.  The Court **GRANTS** Defendant G4S's Motion to Dismiss.  (Dkt. # 38.)

Accordingly, Plaintiff's claim against G4S is **DISMISSED WITHOUT**

**PREJUDICE**.

**IT IS SO ORDERED.**

**DATED:** San Antonio, Texas, February 10, 2016.

David Alan Ezra
Senior United States Distict Judge